UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-14215-RAR

**GREGORY J. LEBRON**,

    Plaintiff,

v.

**A. JOHNS, SECRETARY'S REPRESENTATIVE, FLORIDA DEPARTMENT OF CORRECTIONS**,

    Defendant.
_____/

## ORDER DISMISSING AMENDED COMPLAINT

**THIS CAUSE** comes before the Court on Plaintiff's amended *pro se* civil rights complaint filed under 42 U.S.C. § 1983. *See* Amended Complaint ("Am. Compl."), [ECF No. 7]. Plaintiff names only one Defendant—Secretary's Representative "A. Johns"—and alleges that Defendant violated Plaintiff's Eighth Amendment rights by failing to protect Plaintiff from being attacked by another inmate. *See id.* at 3–4.[1] After reviewing the Amended Complaint, the Court finds that Plaintiff has not pled any facts to support a § 1983 claim against the Defendant. Accordingly, the Amended Complaint will be **DISMISSED** for failure to state a claim.

---

[1] Plaintiff's original Complaint named eight defendants (including Johns) and also stated a deliberate indifference to medical needs claim. *See* Order to Amend, [ECF No. 4], at 3, 6; *see generally* Complaint, [ECF No. 1]. However, since Plaintiff's Amended Complaint no longer mentions these other defendants or claims, the Court finds that Plaintiff has abandoned them. *See Dresdner Bank AG v. M/V Olympia Voyager*, 463 F.3d 1210, 1215 (11th Cir. 2006) ("An amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary." (internal quotation omitted)).

## **LEGAL STANDARD**

The Court "*shall* review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A (emphasis added). The definition of a "prisoner" includes "any person incarcerated or detained in any facility who is . . . accused of [or] convicted of . . . violations of criminal law." *Id.* § 1915A(c). In conducting its screening of a prisoner's complaint, the Court must "dismiss the complaint[] or any portion of the complaint," when it is (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted[;]" or (2) "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Similarly, if a plaintiff wishes to proceed *in forma pauperis* rather than prepaying the filing fee, § 1915(e)(2) requires the court to "dismiss [a] case *at any time* if the court determines that . . . the action" fails for the same enumerated reasons articulated under § 1915A. *Id.* § 1915(e)(2)(B) (emphasis added).

To state a claim upon which relief may be granted, a complaint's factual allegations "must be enough to raise a right to relief above the speculative level"—with "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). Under this standard, legal conclusions "are not entitled to the assumption of truth" and are insufficient to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Moreover, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 678 (internal quotation marks omitted).

## **ANALYSIS**

Plaintiff alleges that, on October 9, 2019, another inmate and member of a gang called the "Zoe Mafia Federation" stabbed him six times while they were both incarcerated at Martin

Correctional Institution. Am. Compl. at 4–5. Prior to the stabbing, Plaintiff claims that he attempted to "file[ ] an emergency grievance directly to Tallahassee," asking to be transferred to another correctional facility because he did not like "the way things were handled at Martin C.I." *Id.* at 7. Plaintiff's grievance also stated that "while I was in administrative confinement I received a note slipped under my door from one of the confinement orderlies threatening my life." *Id.* Despite Plaintiff's allegations, Defendant Johns denied the grievance and did not grant Plaintiff the relief he sought. *See id.* Plaintiff now alleges that Johns' decision to deny his emergency grievance violated his Eighth Amendment rights since it led to him being "stabbed by the hitman sent by the Zoe Mafia Federation (ZMF) prison gang." *Id.*

The Eighth Amendment requires prison officials to "take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). If they fail to do so, an inmate may bring a failure-to-protect claim by showing: (1) "that [he] was incarcerated under conditions posing a substantial risk of serious harm"; (2) that the defendants "had a sufficiently culpable state of mind, amounting to deliberate indifference"; and (3) "that the [defendant's] constitutional violation caused [his] injuries." *Cox v. Nobles*, 15 F.4th 1350, 1358 (11th Cir. 2021) (cleaned up). To satisfy the deliberate indifference prong, Plaintiff "must produce evidence that the defendant[s] 'actually (subjectively) knew that an inmate faced a substantial risk of serious harm" and that the defendants "disregarded that known risk by failing to respond to it in an (objectively) reasonable manner." *Caldwell v. Warden, FCI Talladega*, 748 F.3d 1090, 1099 (11th Cir. 2014) (quoting *Rodriguez v. Sec'y for Dep't of Corr.*, 508 F.3d 611, 617 (11th Cir. 2007)) (alterations accepted). To prove causation, Plaintiff must answer the "critical question" of whether the "defendant was in a position to take steps that could have averted the stabbing incident but,

through deliberate indifference, failed to do so." *Marbury v. Warden*, 936 F.3d 1227, 1248–49 (11th Cir. 2019) (cleaned up).

In the Court's prior Order to Amend, the Court dismissed Plaintiff's claim against Johns for the following reason:

> According to Plaintiff, he first submitted a grievance to Defendant "A. Johns," an official with the Florida Department of Corrections in Tallahassee, "requesting Protective Management status[.]" Compl. ¶ 15. Plaintiff does not say if his grievance specifically mentioned the threat he received from the Zoe Mafia Federation, or how an official in Tallahassee would have the responsibility or authority to move Plaintiff into protective custody at Martin C.I. *See Rodriguez*, 508 F.3d at 622 (holding that a court must look to a defendant's "duties, discretion, and means" to determine causation). The Court also notes that Defendant Johns' failure to properly respond to an inmate's grievance is not, by itself, a constitutional violation. *See Thomas v. Warner*, 237 F. App'x 435, 437 (11th Cir. 2007) ("We agree with other circuits that have decided that a prisoner does not have a constitutionally-protected liberty interest in an inmate grievance procedure."). Plaintiff will not be able to advance a claim against Defendant Johns unless he can establish that he knew about the nature of the threat <u>and</u> that he actually had the ability to help Plaintiff.

Order to Amend, [ECF No. 4], at 4–5. The Court finds that Plaintiff has not meaningfully remedied the issues that it identified in its Order to Amend for three reasons.

*First*, the Court finds that the gravamen of the Amended Complaint is that Defendant failed to grant Plaintiff the relief he sought in his emergency grievance—i.e., his transfer to a new facility and/or his placement in protective custody. As the Court previously explained, "a prisoner does not have a constitutionally-protected liberty interest in an inmate grievance procedure[,]" so Defendant's failure to grant Plaintiff's emergency grievance to his satisfaction is not a cognizable claim under § 1983. *Thomas*, 237 F. App'x at 437; *see also Bingham v. Thomas*, 654 F.3d 1171, 1177–78 (11th Cir. 2011) ("[W]e agree with our sister circuits that a prison grievance procedure does not provide an inmate with a constitutionally protected interest, we likewise reject Bingham's

argument that the district court abused its discretion in dismissing Bingham's claim that the prison's grievance procedures were inadequate as frivolous under 28 U.S.C. § 1915A.").

*Second*, Plaintiff fails to show that Defendant acted with deliberate indifference since there are no allegations that Defendant "actually (subjectively) knew that [Plaintiff] faced a substantial risk of serious harm[.]" *Rodriguez*, 508 F.3d at 617. According to Plaintiff, his emergency grievance informed Defendant that Plaintiff was dissatisfied about "the way things were handled at Martin C.I." and that he had received a note "threatening my life." Am. Compl. at 7. These conclusory and vague allegations were not specific enough to provide Defendant with the subjective knowledge that Plaintiff would surely be attacked by a member of the Zoe Mafia Federation if he was not moved into protective custody or transferred. *See Marbury*, 936 F.3d at 1237 ("Marbury's argument is essentially that every prisoner who tells prison officials about an unspecified threat from an unspecified inmate without more is entitled to protective custody or a transfer. But, as already explained, our caselaw establishes a higher standard for deliberate indifference."); *Carter v Galloway*, 352 F.3d 1346, 1350 (11th Cir. 2003) ("[A] generalized awareness of risk . . . does not satisfy the subjective awareness requirement.").

*Third*, Plaintiff also has not shown causation. Plaintiff is required to allege that Defendant "was in a position to take steps that could have averted the stabbing incident but, through deliberate indifference, failed to do so." *Marbury*, 936 F.3d at 1249. Although Plaintiff attempts to plead causation by saying that he was stabbed because Defendant denied Plaintiff's emergency grievance to be transferred, he also admits that he only filed an emergency grievance because he was unhappy about "the way things were handled at Martin C.I." Am. Compl. at 7. If other Martin C.I. officials also stood in Plaintiff's way from being transferred or shielded from the alleged threat, Defendant could not have been the ultimate cause for Plaintiff's injuries. *See Buckman v. Halsey*, No. 20-

13596, 2021 WL 4127067, at *3 (11th Cir. Sept. 10, 2021) (citing *Troupe v. Sarasota Cnty.*, 419 F.3d 1160, 1166 (11th Cir. 2005)) ("A defendant's actions are not the proximate cause of a plaintiff's injury where there was an independent intervening cause.").

A *pro se* plaintiff typically "must be given at least one chance to amend [his] complaint" before it is dismissed, *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), but there is no need to give *pro se* parties additional opportunities to amend when further amendment would be futile—such as when "after being put on notice . . . of the specific defects in [his] complaint, [Plaintiff] filed an amended complaint afflicted with the same defects," *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1358 (11th Cir. 2018).  Since Plaintiff has already been given the opportunity to amend but was unable to come any closer to stating a viable claim under § 1983, the Court finds that any additional opportunities to amend would be futile and that dismissal of the Amended Complaint is appropriate.

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Amended Complaint, [ECF No. 7], is **DISMISSED** under 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted.  All pending motions are **DENIED as moot**.  The Clerk shall **CLOSE** this case.

**DONE AND ORDERED** in Miami, Florida, this 1st day of November, 2023.

_____
RODOLFO A. RUIZ II
UNITED STATES DISTRICT JUDGE